UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAURA MIDDLETON, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 2:13-CV-0909 |
| ) | |
| v. ) | JUDGE SARGUS |
| ) | |
| MOLINA HEALTHCARE OF OHIO, ) | MAGISTRATE JUDGE DEAVERS |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

1.     **Scope.**   All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  Defendant Molina Healthcare of Ohio, Inc. is obligated to comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and otherwise protect the interests of its members under applicable federal and state law.  As such, all documents containing Protected Health Information (PHI), as defined by 45 CFR § 160.103, shall be produced only to the extent such documentation is necessary and relevant.

2.      **Policy Favoring Public Proceedings.**  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3.      **Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents.  The designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

4.      **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.**

(a)      **Procedure for Designation.**  Before any document may be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, counsel for the designating party must conduct a page-by-page inspection of the document to determine the minimum number of pages to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  In the event that fewer than all pages of a document contain information that qualifies for designation as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, only those pages containing such information may be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

(b)    **CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.**    Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records of individuals not a party to this lawsuit, or such other sensitive commercial information that is not publicly available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

5.    **Depositions.**    Deposition testimony shall only be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER if designated as such.  Counsel for the designating party must conduct a page-by-page inspection of the deposition transcript and any deposition exhibits to determine the minimum number of pages to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  Any designation of portions of the deposition transcript and exhibits as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall specify the pages of the transcript or the pages of the exhibit to be designated.  Thereafter, those pages of the deposition transcript and exhibits shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

6.    **Protection of Confidential Material.**

(a)    **General Protections.**    Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶6 (b) only for purposes of this litigation.

3

(b)     **Limited Third-Party Disclosures for CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Designations.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

(1)     **Counsel.**  Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2)     **Parties.**  Parties and employees of a party to this Order.

(3)     **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

(4)     **Consultants, Investigators and Experts.**  Consultants, investigators or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5)     **Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c)     **Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as

4

CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

7. **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.**

(a) **Policy Favoring Public Filings.** The Court highly discourages the filing of any pleadings or documents under seal. To the extent possible, a brief, memorandum or pleading that references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall simply refer the Court to the particular exhibit filed under seal

without disclosing the contents of any confidential information. To the extent that further discussion of a document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is required, counsel shall follow the procedure below to designate portions of a brief, memorandum or pleading to be filed under seal. *The parties will file materials under seal only with leave of Court upon a showing of good cause. The Parties agree that where practicable, a redacted version of the document will be filed on the public records.*

(b) **Procedure for Filing Exhibits Under Seal.** Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER ONLY is filed under seal with the Clerk as an exhibit to a brief, memorandum or pleading, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. Where agreement is not possible or adequate, before a CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk as an exhibit to a brief, memorandum or pleading, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

(c) **Procedure for Filing Briefs, Memoranda or Pleadings Under Seal.** To the extent that it is necessary for a party to discuss the contents of any document designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or any information that would, if set out in a written document, qualify for protection as CONFIDENTIAL - SUBJECT TO

6

PROTECTIVE ORDER, the following procedure must be followed to file the portion of the brief, memorandum or pleading discussing such document or information under seal.

Counsel for the filing party must conduct a line-by-line inspection of the brief, memorandum or pleading to determine the minimum amount of text to be sealed. After such review, counsel shall prepare two versions of the pleadings, a public version and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or to information that would, if set out in a written document, qualify for protection as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Such redactions shall be made to as little of the text of the brief, memorandum or pleading as possible; entire pages may not be redacted if redaction of one or more lines or partial lines would be sufficient to protect the confidential information being discussed. The public version shall be electronically filed with the Court.

The confidential version shall be a full and complete version of the pleading, without redactions. The confidential version of the brief, memorandum or pleading, shall be filed under seal by placing it in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted and name of the attorney who has filed the document on the front of the envelope. A copy of the unredacted brief, memorandum or pleading also shall be delivered to the judicial officer's chambers.

(d) **Procedure for Filing Exhibits and Briefs, Memoranda or Pleadings Under Seal.** If the brief, memorandum or pleading qualifies under this section for filing under seal and includes documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER as exhibits, only one copy of the brief, memorandum or pleading and its exhibits shall be filed and one copy delivered to the judicial officer's chambers. That copy shall satisfy both the requirements of paragraph 7(b) and paragraph 7(c) of this Order.

(e) **Alternative Methods for Filing Under Seal.** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

8.    **Challenges by a Party to Designation as Confidential.**   Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9.    **Action by the Court.**   Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

10.    **Use of Confidential Documents or Information at Trial.**   All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial

8

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11.     **Obligations on Conclusion of Litigation.**

(a)     **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Return and/or Destruction of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.**  Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined above, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations or other mental impressions of the receiving party, or which are electronically stored and not capable of return, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall

continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed as provided by the local rules or the presiding judge's standing orders or other relevant orders.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties and persons made subject to this Order by its terms.

SO ORDERED.

Entered this _____ day of _____ 2014.

10

Magistrate Judge Deavers

**AGREED TO AS TO FORM AND SUBSTANCE, AND ENTRY REQUESTED:**

(per consent on 3/31/2014)

/s/ Matthew J. P. Coffman
Greg R. Mansell
Mansell Law, LLC
1457 S. High St.
Columbus, Ohio 43207
Greg.Mansell@Ohio-
EmploymentLawyer.com

Matthew J. P. Coffman
Coffman Legal, LLC
1457 S. High St.
Columbus, Ohio 43207
mcoffman@mcoffmanlegal.com

*Attorneys for Plaintiff*

/s/ Susan M. DiMickele
Susan M. DiMickele (0064837), Trial Attorney
Traci L. Martinez (0083989)
SQUIRE SANDERS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499
susan.dimickele@squiresanders.com
traci.martinez@squiresanders.com

*Attorneys for Defendant Molina Healthcare of Ohio, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAURA MIDDLETON, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 2:13-CV-0909 |
| | ) |
| v. | ) JUDGE SARGUS |
| | ) |
| MOLINA HEALTHCARE OF OHIO, | ) MAGISTRATE JUDGE DEAVERS |
| INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the

United States District Court for the Southern District of Ohio in matters relating to the Protective

Order and understands that the terms of the Protective Order obligate him/her to use documents

designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the

Order solely for the purposes of the above-captioned action, and not to disclose any such

documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

13

Business Address:  _____

_____

_____

Date: _____          Signature _____